UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE XURA INC. SHAREHOLDER LITIGATION | ) ) Lead Case No. 1:16-cv-11445 ) ) MASTER FILE ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) |

**STIPULATION AND [PROPOSED] ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**

THE UNDERSIGNED HEREBY STIPULATE AND AGREE, subject to the approval of the Court, that the following Stipulation and Order (the "Protective Order") be entered in this action.

**I.     INTRODUCTION**

   **A.     DEFINITIONS**

      1.     "Confidential Document" means any document produced that bears the stamp or legend, "CONFIDENTIAL", as specified in Section III(A), below, which signifies that a Producing Party or Party contends that the document contains Confidential Information.

      2.     "Confidential Information" means (a) a trade secret or other confidential commercial information, (b) sensitive or proprietary business, financial, personal, or customer information, or (c) information that is subject to contractual or legal non-disclosure restrictions. The term "Confidential Information" includes any document, tangible thing or oral testimony that is not publicly known and which the Producing Party would not normally reveal to third parties, or, if disclosed, would require such third parties to maintain in confidence.

3. "Document" or "Documents" means all written, recorded, electronic or graphic material, whether created by a Party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4. "Producing Party" means the Party or Person (including third parties to the above-captioned litigation) that produces a Document.

5. "Designating Party" means the Party or Person that designates a Document as Confidential.

6. "Party" or "Parties" means Lawrence Lesser and Kevin Barney ("Plaintiffs") and/or defendant Xura, Inc. ("Xura" or the "Company"); defendants Henry R. Nothhaft, Susan D. Bowick, James Budge, Niccolo De Masi, Matthew A. Drapkin, Doron Inbar, Philippe Tartavull, Mark C. Terrell (collectively, "Individual Defendants"); and defendants Sierra Private Holdings II Ltd. (the "Parent"), Sierra Private Merger Sub Inc. (the "Merger Sub"), and Siris Capital Group, LLC (collectively with the Parent and Merger Sub, "Siris") (together with the Company and Individual Defendants, "Defendants").

7. "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

8. "Discovery Material" means: (a) all Documents produced in this action; (b) all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof, whether in written, electronic, or computer format; and (c) all other written discovery served or filed in this action and all contents of such discovery.

9. "Disclose" or "Disclosure" means to show, give, make available, reproduce, communicate or excerpt any Discovery Material, or any part or contents thereof.

**B.    GOOD CAUSE**

These consolidated putative class actions involve a dispute between Plaintiffs and Defendants regarding Xura's agreement and plan of merger (the "Merger Agreement") with the Parent and Merger Sub for the proposed acquisition (the "Merger") of Xura by the Parent, through the Parent's wholly owned subsidiary, Merger Sub, both of which are affiliates of Siris, for a cash payment of $25.00 per share of common stock of Xura. After Defendants provided Plaintiffs with certain information, the Parties entered into a Memorandum of Understanding on July 25, 2016 reflecting an agreement-in-principle providing for the settlement of these putative class actions (the "MOU"). The MOU provides that Plaintiffs' counsel shall have the opportunity to conduct such reasonable additional discovery as they believe in good faith is appropriate and necessary and as agreed to by the parties to the MOU to confirm the fairness and reasonableness of the terms of the settlement (the "Confirmatory Discovery"). The Parties believe that this Confirmatory Discovery will likely call for the disclosure of highly sensitive business, proprietary, and financial information and that it is desirable for them to coordinate their efforts and complete the Confirmatory Discovery in the most expeditious fashion possible, with a minimum of burden, expense, dispute, and delay. If a court approved settlement does not follow Confirmatory Discovery, there may be additional discovery in these actions also involving the disclosure of highly sensitive business, proprietary, and financial information. Good cause exists to grant the Parties' request for a Protective Order in order to (1) protect the confidential business records and proprietary information of the Defendants and (2) allow the Parties to complete Confirmatory Discovery and possibly other discovery in the most expeditious fashion possible, with minimal burden, expense, dispute, and delay. In particular, the entry of this Protective Order will permit discovery to proceed more expeditiously and with less expense by helping: (1) reduce

3

the need for parties and non-parties to file motions for protective orders; (2) avoid disputes over discovery materials; and (3) facilitate the taking of depositions.

## II. SCOPE OF PROTECTIVE ORDER

    **A.** This Protective Order applies to all Discovery Material in this action, whether produced by the Parties or by any other Persons.

    **B.** Nothing in this Protective Order shall require disclosure of any information or material that is protected from disclosure by any applicable privilege.

    **C.** Any Party hereto may make a good faith objection to the designation of Discovery Material as "Confidential Information" by the Designating Party, and may make a motion for an order permitting the Disclosure of such material without restriction. Applicable Federal and/or Massachusetts law shall govern the burden and standard of proof on any such motion.

    Prior to the submission of any such motion to the Court, the objecting Party shall provide written notice to the Designating Party of its disagreement with the designation, and the Parties and/or the Designating Party (if not a Party) shall try first to resolve such a dispute in good faith. Following the provision of notice, the objecting Party must wait five (5) business days before making a motion to the Court concerning the designation in dispute. Pending the resolution of any such objection or motion, Discovery Material designated as Confidential Information shall remain subject to the terms of this Protective Order. A Party shall not be obligated to challenge the propriety of information designated as Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

    **D.** The Parties may agree to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section III of this Protective Order, and nothing in the provisions of this Protective Order shall be deemed to preclude any Designating

4

Party from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

E.  All Discovery Material produced or provided by any Party or Person in connection with this litigation shall be used by the Parties only for the purposes of this action, subject to the restrictions of this Protective Order. Except by order of the Court, Discovery Material shall not be used by any Party other than the Producing Party for any other purpose.

F.  The production or disclosure of a document protected by the attorney-client privilege, attorney work product, or any other privilege, protection, or immunity from discovery ("Protected Information") shall not constitute a waiver of any applicable privilege, protection, or immunity from discovery for purposes of this proceeding or any other proceeding in any other court, regardless of the circumstances of disclosure, except as provided herein.

G.  In the event that a receiving Party discovers that a Producing Party has produced or disclosed information that bears indicia of privilege (either attorney-client or work product), it shall promptly notify the Producing Party through its undersigned counsel.

H.  Upon independently recognizing or receiving notice that Protected Information has been produced or disclosed, the Producing Party shall have thirty (30) days to serve notice, in writing, that it has produced Protected Information. Upon receiving such written notice of privilege, protection, or immunity from discovery, all parties shall destroy or return all copies of the Protected Information to the Producing Party within ten (l0) days of such notice and provide a certification of counsel that all such information has been returned or destroyed. The Parties further agree that, once such written notice of privilege, protection, or immunity from discovery has been given, the receiving Party will not further review or use the Protected Information, including in connection with disputing the privilege claim, regardless of any purported

insufficiency of such notice, unless and until the privilege dispute is resolved in favor of the Party challenging the assertion.

**I.** Within five (5) business days of the notification that the inadvertently produced information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Protected Information.

**III. CONFIDENTIAL INFORMATION**

**A. DESIGNATION OF CONFIDENTIAL INFORMATION**

1. A Producing Party may designate a Document as Confidential Information by stamping such Document with the legend "CONFIDENTIAL," or by written advice to the respective undersigned counsel for the Parties hereto.

2. Failure of any Producing Party to designate Confidential in the manner described in Paragraph 1 hereof shall not preclude that Producing Party from later making such a designation.

3. A Party that reasonably believes in good faith that a Document produced by a non-party contains its Confidential Information may designate such Document as containing such information by, within thirty (30) days of receipt of the non-party production, (a) notifying the other Party of the bates-number associated with such Document, (b) requesting that the other Party stamp copies of such Document in its possession with the legend "CONFIDENTIAL," and (c) stamping copies of such Document in its possession with the legend "CONFIDENTIAL."

**B. PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION**

1. Discovery Material designated as containing Confidential Information may be disclosed only to the following Persons and/or entities:

   a. The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

6

    b.  Outside counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

    c.  Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

    d.  Witnesses in preparation for or in the course of a deposition taken in this action, or in preparation for trial;

    e.  Counsel, officers, directors, managing agents, or employees of the Parties who are actively engaged in the preparation of this action for trial or for other resolution;

    f.  Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution and who agrees in writing to be bound by the confidentiality requirements of this Order.

  2.  Prior to the provision of Confidential Information to any expert or consultant identified in Paragraph (III)(B)(l)(f), such expert or consultant shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the acknowledgment attached hereto as Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation the obligation to protect Confidential Information from discovery by unauthorized co-employees and third persons.

  C.  **NOTICE OF FILING OF CONFIDENTIAL INFORMATION**

In the event that one Party intends to file the other Party's Confidential Documents, including any extracts, summaries, or paraphrasing of a Party's Confidential Documents, with the Court, such filing Party will give the other Party five (5) business days' notice of its intent to

7

file so that the other Party may decide whether to seek a protective order.  Such notice will identify each Confidential Document at issue by bates-number.

        **D.**      **DEPOSITIONS INVOLVING CONFIDENTIAL INFORMATION**

        1.      The Parties may use Confidential Documents and Confidential Information during depositions in this action. In the event that any Document or other Discovery Material designated as "Confidential Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Confidential Information, any Party or Person may request before the conclusion of the deposition that such testimony be treated as "Confidential" pursuant to this Protective Order.  Or, within thirty (30) days after receipt of the transcript of the deposition (through written notice to the other Party or Parties), any Party or Person may request that any portion of a deposition transcript relating to Confidential Information be designated "Confidential" pursuant to this Protective Order. If the designation is made after the court reporter has prepared the transcript, each counsel shall be responsible for appropriately labeling all of his or her copies of such deposition transcript. All deposition testimony shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of five (5) business days after said deposition, unless the producing party designates the deposition testimony differently on the record.  At or before the end of such five (5) business day period, the deposition testimony shall be designated appropriately—or if no such designation is made the deposition testimony shall be treated as Confidential Information.

**IV.**      **POST-DISCOVERY TREATMENT OF DESIGNATED INFORMATION**

        **A.**      This Protective Order shall not govern at any trial. The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated

pursuant to this Protective Order and shall, prior to trial, submit such proposed procedures to the Court for its approval or modification. To the extent that any Party intends to use or disclose at trial information or documents designated as Confidential by any Person other than a Party, the Parties shall consult in advance of trial with the Designating Party and shall attempt to agree on procedures governing the use and disclosure of such information. If they are unable to agree upon such procedures, the Designating Party may petition the Court for relief.

**B.** Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the receiving Party, be returned to counsel for the Producing Party or destroyed and a certificate of destruction provided. If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the Party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned to counsel and disposed of pursuant to this Protective Order.

**C.** No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each Party and the consent of any Person other than a Party who produced information or documents designated as Confidential hereunder, or by an order of this Court for good cause shown. This Protective Order shall survive any final disposition of this case, and after termination of this action, the Court shall retain jurisdiction to enforce or modify this Protective Order.

**D.** If at any time any Confidential Information protected by this Protective Order is subpoenaed or requested by any court, administrative or legislative body, person or entity, other than a Party to this action purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give

written notice thereof to the Producing Party so as to advise such Party of the need to promptly obtain a protective order or act to quash the subpoena. The Party to whom the subpoena or other request is directed shall not produce the Confidential Information until the Party seeking to maintain confidentiality has had thirty (30) calendar days to obtain an appropriate order.

IT IS SO ORDERED.

Dated: _____

_____, D.J.

IT IS SO STIPULATED.

Respectfully submitted,

| /s/Mitchell J. Matorin | /s/Bruce E. Falby |
|---|---|
| Mitchell J. Matorin (BBO No. 649304) | Bruce E. Falby (BBO No. 544143) |
| MATORIN LAW OFFICE, LLC | Leah S. P. Rabin (BBO No. 684530) |
| 18 Grove Street, Suite 5 | DLA PIPER LLP (US) |
| Wellesley, MA 02482 | 33 Arch Street, 26th Floor |
| (781) 453-0100 | Boston, MA 02110 |
| | (617) 406-6020 |
| OF COUNSEL: | |
| | Attorneys for Xura, Inc., Henry R. Nothhaft, Susuan D. Bowick, James Budge, Niccolo de Masi, Matthew A. Drapkin, Doron Inbar, Philippe Tartavull, and Mark C. Terrell |
| Seth D.Rigrodsky | |
| Brian D. Long | |
| Gina M. Serra | |
| RIGRODSKY & LONG, P.A. | |
| 2 Righter Parkway, Suite 120 | |
| Wilmington, DE 19803 | |
| | /s/Kathryn L. Alessi |
| Attorneys for Plaintiff | Kathryn L. Alessi (BBO No. 651110) |
| | SIDLEY AUSTIN LLP |
| | 60 State Street, 36th Floor |
| | Boston, MA 02109 |
| | (617) 223-0364 |

WEST\271012693.2

Andrew W. Stern (*application for pro hac vice admission forthcoming*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5397
astern@sidley.com

Attorneys for Siris Capital Group, LLC, Sierra Private Holdings II Ltd., and Sierra Private Merger Sub Inc.

Dated:  October 7, 2016

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE XURA INC. SHAREHOLDER LITIGATION | ) ) Lead Case No. 1:16-cv-11445 ) ) MASTER FILE ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) |

I, _____, declare that:

My address is _____, my present occupation is _____, and I am currently employed by _____.

I have been retained by _____ with respect to this litigation.

I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Confidential Information that I receive in this action, except to the extent that such Confidential Information is or becomes public domain information or otherwise is not deemed Confidential Information in accordance with the Protective Order. At the conclusion of this litigation I will return all discovery information to the party or attorney from whom I received it.

I agree to subject myself personally to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of proceedings relating to my performance under, compliance with, or violation of this Protective Order.

I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Sign: _____

Print Name: _____

Date: _____